L. A. PASCHALL, Adm'r, v. L. H. BULLOCK.

*Bankruptcy—Practice—Setting aside Judgment.*

A discharge in bankruptcy, obtained before judgment in an action on one of the debts discharged, must be set up in apt time as a bar to the plaintiff's recovery, and will not avail the defendant on a motion to set aside an execution issuing on such judgment.

(*Dawson* v. *Hartsfield*, 79 N. C., 334, cited and approved.)

MOTION by the defendant to recall and set aside an execution in favor of the plaintiff, heard at Fall Term, 1878, of GRANVILLE Superior Court, before *Kerr, J.*

The opinion contains the facts. The motion was denied and the defendant appealed.

*Messrs. E. G. Haywood* and *Batchelor & Edwards,* for plaintiff.
*Messrs. Merrimon, Fuller & Ashe,* for defendant.

SMITH, C. J. This action was commenced in January, 1867, by J. T. Leach, executor of R. C. Maynard, against the defendant and one Kinchen Haithcock, and judgment recovered against them at August term, 1870, of Granville superior court. Execution was issued thereon which was returned to the next term unsatisfied, and none other until this which the defendant now asks to have recalled and set aside.

Pending the action the defendant Bullock instituted proceedings in bankruptcy which terminated in a decree of discharge from his debts on the 10th of June, 1870.

The judgment became dormant and the executor having died, the plaintiff, who had taken out letters of administration *de bonis non,* gave notice and on the 13th of October, 1877, applied to the clerk and obtained leave to sue out his execution against the defendant. This order on appeal was affirmed by the judge and a further appeal was taken to this court.

Execution accordingly issued and action under it was arrested by a restraining order until a proposed motion of the defendant to set aside the writ could be heard. On the hearing of the motion to recall and set aside the execution, and for an order of perpetual stay, the certificate of discharge was offered in evidence and relied on to support it. The court denied the motion, from which the defendant appeals to this court, and in our opinion acted correctly in doing so.

No reason is suggested why the defence was not made to the further prosecution of the action at the August term of Granville superior court, when final judgment was rendered, two months after the discharge had been granted to the defendant. Again, he failed to present it as cause why execution should not issue at the hearing of

the application for leave before the clerk, and again before the judge on his appeal from the order of the clerk.

In *Dawson* v. *Hartsfield,* 79 N. C., 334, this court decided that when the defendant obtained his discharge after judgment and had therefore no opportunity to plead it, the defence was available upon motion for leave to issue execution on the judgment which had become dormant. · The decision was not made with entire unanimity and we are not disposed to go beyond it.

The bankrupt act contemplates and authorizes a suspension of legal proceedings against a defendant who has filed his petition in the bankrupt court, until his right to a discharge can be passed on, to the end that if granted it may be set up as a defence to the action. This was not done in the case referred to, and the motion for leave furnished the first and only occasion where the defence could be offered, and we held that there was not such laches on his part as to deprive him of the benefit of his discharge. Here, the defendant could have arrested further proceedings in the action and with no sufficient excuse neglected to take advantage of the opportunity. Again, he failed to offer his discharge in opposition to the plaintiff's application for leave to issue execution, if indeed it was not then too late to do so. Defences must be brought forward in apt time, and usually the judgment precludes all enquiry between the parties into matters antecedent to its rendition. Relief is given in proper cases under C. C. P., § 133, when it is sought by an aggrieved party within one year after he has notice. The statutory bar, now not obstructing the remedy but defeating the cause of action, and the discharge in bankruptcy which it closely assimilates, are defences founded on reasons of public policy, and they will not be denied when presented properly and in apt time. But they are not such as to call for the exercise of the unusual power of restoring a lost opportunity to the defendant in setting aside the ex-

ecution, and taking from the plaintiff the fruits of his recovery. Without the citation of adjudged cases we adhere to a well established rule in judicial proceedings by refusing to the plaintiff the relief which he seeks.

No error.                                  Affirmed.