B. W. BELL v. D. C. CUNNINGHAM.

*Practice—Bankruptcy, when pleaded—Supreme Court—
Appeal.*

1. Where a defendant, during the pendency of the action, obtained his discharge in bankruptcy but failed to plead it and suffered judgment to be taken against him, he cannot thereafter plead the discharge against a motion under C. C. P., § 256, for leave to re-issue execution.

2. If the judgment of the court below is right, it will not be reversed on appeal, because the result below was reached by an erroneous process of reasoning.

(*Paschall* v. *Bullock*, 80 N. C., 329; *Davis* v. *Shaver*, Phil., 18, cited and approved.

MOTION for leave to issue Execution heard at Spring Term, 1879, of MACON Superior Court, before *Gudger, J.*

The motion was made by the plaintiff before the clerk of the court where issues of fact were raised, and thereupon the case was transferred to the superior court, and a trial by jury being waived, the judge found the facts, which are sufficiently stated in the opinion. The motion was granted and the defendant appealed.

*Messrs. Merrimon, Fuller & Ashe*, for plaintiff:

Cited and remarked upon *Dawson* v. *Hartsfield*, 79 N. C., 334; *Paschall* v. *Bullock*, 80 N. C., 329; *Fraley* v. *Kelly*, 79 N. C., 348.

*Messrs. Reade, Busbee & Busbee*, for defendant:

In addition to above cases, cited *McKethan* v. *McNeill*, 75 N. C., 663, where it is held that plaintiff cannot reply " a new promise " to defendant's plea of discharge in bankruptcy. Such new promise does not affect the discharge and satisfaction of original judgment. *Kull* v. *Farmer*, 78 N. C., 339.

SMITH, C. C.   The plaintiff at fall term, 1870, of Macon superior court, recovered judgment against the defendant, and the same having become dormant, after notice and upon oath that no part of the debt had been paid, moved before the clerk for leave to issue execution thereon.   The defend-ant in answer filed his affidavit in which he states that on the 2d day of December, 1867, he instituted proceedings in the proper bankrupt court, and in September, 1869, ob-tained a decree of discharge from his debts; that the plain-tiff did not prove his debt against the estate, and that the defendant has never, since he was declared a bankrupt, as-sumed or made himself liable for the debt.   To this the plaintiff replies on oath that the defendant failed to set up the discharge as a defence to the plaintiff's action, and since filing his petition has repeatedly promised to pay the debt. The cause was then transferred to the superior court, and by consent of parties, referred to the judge to find the facts. His Honor found that the defendant filed his petition in bankruptcy and obtained his discharge as set out in his affi-davit.   That the plaintiff's action was then depending and judgment recovered after the decree of discharge; that he did not avail himself of this defence by plea or otherwise; and as well before as after the decree, recognized and prom-ised to pay the debt.

The court thereupon granted the motion, and the defend-ant appealed.

The bankrupt act contemplates a suspension of any pend-ing action against the bankrupt until he obtains his dis-charge or his application therefor is refused, so that when allowed it may be interposed to defeat a recovery.   It pro-vides that " any such suit or proceeding shall, upon the application of the bankrupt, be stayed to await the determi-nation of the court in bankruptcy on the question of the discharge."   Bankrupt Act, § 21; Bump on Bankruptcy, 6th Ed., 441.

The judge does not find the date of the plaintiff's judgment, but as his allegation in this regard is not denied, we assume it to have been rendered, as stated in the notice and disclosed in the record, at fall term, 1870. The defendant then had an entire year, after receiving his discharge, to plead it in defence, and "as a full and ample bar" to the suit, and failed to avail himself of the opportunity. His answer offers no explanation of the delay and no excuse for the neglect.

In *Paschall* v. *Bullock*, 80 N. C., 329, the defendant was in like default, and also failed to set up his defence on a motion for leave to issue execution on a dormant judgment, and the court say : "Here the defendant could have arrested further proceedings in the action, and with no sufficient excuse neglected to take advantage of the opportunity. Again he failed to offer his discharge in opposition to the plaintiff's application for leave to issue execution *if indeed it was not then too late to do so.* Defences must be brought forward in apt time and usually the judgment precludes all enquiry between the parties into matters antecedent to its rendition." The rule of practice here intimated applies with greater force to the facts of the present case. The defendant had his day in court and ample opportunity to bring forward his defence. He fails to make use of it and permits the judgment to be entered. Now without excuse for his negligence and as a matter of right he offers his discharge in opposition to the plaintiff's motion. The objection comes too late, and if its allowance were a matter of judicial discretion, would be less favorably entertained, inasmuch as the plaintiff's neglect to preserve the vitality of his judgment, and the consequent necessity of his present application may be owing to the defendant's repeated assurances of an intention to pay the debt.

It is argued for the defendant, that upon the appeal the court is confined to an examination of the grounds upon

which the judgment was rendered. This is a misapprehension of the rule. The correctness of the judgment itself upon the facts set out in the record, and not the sufficiency of the reasons assigned for rendering it, is the proper subject of consideration and review. If the judgment is right it will not be reversed because the result is reached by an erroneous process of reasoning. The plaintiff is entitled to his motion, and the answer sets up no legal defence, and is not aided by the fact that an undue prominence may have been given to the defendant's promises. The appellant must show error or the judgment will be affirmed. *Davis* v. *Shaver*, Phil., 18.

No error. Affirmed.