T. L. SANDERSON and wife, Ex'rs, v. DANIEL DAILY.

*Motion—Res Adjudicata—Execution on Dormant Judgment—Discharge in Bankruptcy—When to be Pleaded.*

1. Motions made in the progress of a cause to facilitate the trial, but which involve no substantial right, and the decision of which is not subject to appeal to this court, may be renewed as subsequent events require: but the doctrine of *res adjudicata* applies to motions affecting

a substantial right, and which may be the subject of appeal, but from the decision of which no appeal is taken.

2. Under the foregoing rule, it is not permissible to renew a motion before the superior court clerk to issue execution on a dormant judgment under section 256 of the code, after a previous unsuccessful motion to the same effect from the decision of which no appeal was taken.

3. Where a defendant obtains his discharge in bankruptcy after judgment and hence has no opportunity to plead it, the defence is available upon a motion for leave to issue execution on such judgment when it becomes dormant.

(*Wilson* v. *Lineberger*, 82 N. C., 412 ; *Dawson* v. *Hartsfield*, 79 N. C., 334 ; *Paschall* v. *Bullock*, 80 N. C., 329 ; *Bell* v. *Cunningham*, 81 N. C., 83, cited and approved.)

MOTION to issue execution under C. C. P., § 256, heard, on appeal from an order of the Clerk, at Spring Term, 1880, of PASQUOTANK Superior Court, before *Graves, J.*

The judge reversed the order of the clerk, and held that plaintiffs are not entitled to have execution issued upon the judgments, and the plaintiffs appeal.

*Mr. C. W. Grandy,* for plaintiffs.
The defendant not represented in this Court.

SMITH, C. J. The plaintiffs' testator, George W. Charles, in January, 1868, before a justice of the peace, recovered three several judgments against the defendant and another, on which writs of *fieri facias* issued and were levied on his land. At spring term, 1869, the judgments were transferred and docketed in the superior court of Pasquotank. On April 12, 1871, executions were issued, whether they were writs of *fieri facias* or *venditioni exponas* does not appear, and we must assume to have been the former, but no action seems to have been had under them.

On December 25, 1867, the defendant filed his petition in the district court of the United States and was adjudged a

bankrupt, and in January, 1869, obtained his discharge. On July 23, 1878, the plaintiffs applied to the clerk for leave to issue execution under C. C. P., § 256, and in opposition thereto the defendant set up his discharge in bankruptcy and the statute of limitations. The application was denied. On February 9th of the present year, (1880) after notice and on affidavit under the act, the plaintiffs renewed their motion before the clerk for leave to issue execution, which was allowed and the defendant appealed. On the hearing before the judge, the defendant relied, as he did before the clerk, mainly on two grounds of defence:

1. The matter was *res adjudicata,* and the former decision being upon the merits, was conclusive, and, except by appeal, not reviewable.

2. The debt was discharged by the decree in bankruptcy and no process to enforce it was allowable.

The ruling of the clerk was reversed and the plaintiffs appealed to this court.

It is somewhat difficult to draw the precise line which separates the class of motions which notwithstanding a denial may be afterwards renewed, upon the discovery of new evidence, or for causes afterwards supervening, from the class in which a decision upon the merits is final, but we have no hesitancy in assigning the present application to a place among the latter class. In substance and effect this proceeding to give life to a dormant judgment is a new action and must be governed by the same rules in respect to the present question. As the granting of the motion would be decisive of the defences interposed, so the denial must be equally conclusive against the right of the plaintiff to have the process demanded.

Motions made in the progress of a cause to facilitate the trial, but which involve no substantial right and the decision of which is not subject to appeal to this court, may be renewed as subsequent events require, and are not obstructed

by the former action of the court. But if the decision does affect a substantial right and may be reviewed and corrected on appeal, and the complaining party acquiesces, we see no reason why the decision should not be as conclusive of the matters decided as the determination of the action itself would be of the whole controversy. Without pursuing the discussion further we refer to what is said in *Wilson* v. *Lineberger*, 82 N. C., 412.

It becomes unnecessary to consider the effect of the discharge in bankruptcy, further than to say that, as it had not been granted when the justice's judgments were rendered and was not then available, the omission to ask a stay of the actions as contemplated by the bankrupt act, in order that the discharge when obtained might be used to defeat the actions, does not debar the defendant from bringing it forward when subsequent proceedings are instituted to enforce the debt. *Dawson* v. *Hartsfield*, 79 N. C., 334; *Paschall* v. *Bullock*, 80 N. C., 329; *Bell* v. *Cunningham*, 81 N. C., 83.

It seems to have been relied on in the first application which was refused, and no reason exists for not allowing now a defence which was effectual then, as no negligence can be imputed to the defendant in offering it in bar in each case.

There is no error in the ruling of the court and the judgment must be affirmed and it is so ordered.

No error.                           Affirmed.