W. H. HUGHES, Ex'r., v. V. S. McNIDER.

*Purchaser of Land—Defect of title as defence in action for purchase money.*

1. A vendee, who has received a deed for land and is in undisturbed possession, has no equity to relief upon the mere ground of an alleged defect of title in the vendor (where there is no fraud in the transaction), but must rely upon his covenants.

2. In an action for the purchase money, the vendor may complete his title, pending the same and at any time before the trial.

3. And an allegation on the part of the vendee that there are incumbrances on the land, must be supported by proof of their existence at the time of trial, in order that the defence of defect of title may avail him.

(*Bell* v. *Cunningham*, 81 N. C., 83; *Clanton* v. *Burgess*, 2 Dev. Eq., 13; *Crawley* v. *Timberlake*, 2 Ired. Eq., 460; *Love* v. *Camp*, 6 Ired. Eq., 209, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of NORTHAMPTON Superior Court, before *Philips, J.*

The suit was brought by Samuel Calvert, and after his death his executor, Hughes, was made party plaintiff.

1. The plaintiff alleged that the defendant, on the first of February, 1876, executed a bond in words and figures following: "For value received I promise to pay Samuel Calvert, on or before the first day of January, 1879, the sum of four hundred dollars, with interest at eight per cent.

V. S. McNIDER (Seal)."

2. That no part of the same has been paid except the sum of eighty dollars, credited on the bond as follows: "Received February 4th, 1878, the sum of eighty dollars, in part payment of the within bond. S. CALVERT."

3. That there still remains due and unpaid the sum of $376.26, with interest. Wherefore the plaintiff demands judgment for the same.

The defendant filed answer, as follows:

1. That the allegations in section one and two of complaint are admitted to be true.

2. That he is advised and believes that section three contains no statement of fact, but a mere inference of law.

3. That by way of plea in avoidance, the defendant alleges that the consideration of the bond was the purchase of a certain lot of land situate in the town of Jackson, containing two acres more or less, and bounded as follows (describing it in full).

4. That on the first of February, 1876, the plaintiff executed and delivered to defendant a deed for said lot, having assured him that his title to the same was good and clear. Trusting in

the plaintiff's representations as to the title, the defendant executed said bond and accepted a deed for the land.

5. That afterwards, and before the bond became due, the defendant was informed, and believes the same to be true, and so alleges, that plaintiff's title to the land was not good and clear, and that the deed did not convey to the defendanta clear fee simple title thereto.

6. That he is informed, and so alleges, that plaintiff cannot now give to defendant a clear fee simple title to the land.

7. That, upon ascertaining he did not have a good title, the defendant abandoned possession of the land.

Wherefore the defendant asks judgment that the bond be surrendered and canceled, &c.

The plaintiff, in reply to defendant's answer, after admitting section three thereof, states:

1. That the facts set forth in section four are not true, but that plaintiff executed a deed for the premises described in section three, and that said deed (herewith filed) contains all the warranties, assurances, &c., and was read over to the defendant who is and was a man of intelligence, and resides in the town of Jackson, and could have easily examined the records as to plaintiff's title.

2. The plaintiff admits that, at the time said deed was executed, there were judgments amounting to several thousand dollars against him in the superior court of Northampton, but that they did not amount to as much as the marketable value of plaintiff's unencumbered real estate in the county; and that early in the year 1878 and before the said bond fell due, he paid off the said judgments, which left the plaintiff's title to the said lot entirely clear. The plaintiff therefore denies the statement contained in section five.

3. In reply to section six, the plaintiff says that upon the satisfaction of the said judgments the defendant's title became an absolute unencumbered fee simple, except defendant's mortgage to plaintiff to secure the purchase money.

4. In reply to section seven, the plaintiff says that notwithstanding the existence of said judgments, the defendant continued in the possession of the premises for several years, when as plaintiff is informed, and so alleges, the defendant not only had constructive notice, but actually knew of said judgments.

Wherefore the plaintiff demands judgment as prayed for in the complaint.

Both parties declining to submit any issues to be tried by the jury, it was agreed by the parties that the court should hear argument upon the facts presented in the pleadings, and after the same was heard, it was adjudged that the plaintiff recover the sum demanded, and the defendant appealed.

*Mr. Thomas W. Mason,* for plaintiff.
*Mr. R. B. Peebles,* for defendant.

SMITH, C. J.   The case was by consent left to the court to be determined upon the facts presented in the pleadings, both parties declining to frame issues or introduce evidence, and each claiming that the burden of proof upon the defence relied on in the answer rested upon the other.   The defendant contended that the replication was an admission of his equity with an allegation of matter in evidence which the plaintiff is required to show.   The court being of opinion that the replication must be taken in entirety and not in part, gave judgment for plaintiff, and the defendant appealed.

We are not required to determine the sufficiency of the reasons assigned for the rendition of the judgment, but the correctness of the ruling itself.   There cannot be error if the judgment be right, and this only is the proper subject of our review. *Bell* v. *Cunningham,* 81 N. C., 83.

We do not mean to intimate, however, that the judge did not put a proper construction upon the submission as a direction to pass upon all the undisputed facts averred in the pleadings, and determine their legal effect; and, if so, he was clearly right.

But assuming that he was to decide upon the pleadings as such, and declare from whom the initiatory movement must come in furnishing affirmative proof, the result is the same. The defendant's asserted equity to restrain the collection of the purchase money due for the lot and secured in the bond in suit, consists in the alleged false assurances of the vendor's title at the time when the deed was made, and the existence of the liens of the docketed judgments, several thousand dollars in amount, unknown to the defendant, encumbering the lot; and in the alleged continuance of the liens up to the filing of the answer which disabled the plaintiff's testator from perfecting the title.

The false representations charged are directly denied in the replication, and are therefore to be put aside and the case considered as if the answer were silent in this respect. Assuming it to be true that these judgments against the vendor were in force, and further, that the vendee has not constructive notice of them (a proposition by no means intended to be conceded except for the purpose of considering another aspect of the defence), has the defendant an equity to resist the payment of the obligation incurred in his purchase, when, at the time, he accepts the deed of the vendor with a covenant of warranty *in execution* by the latter of his part of the agreement? and must not the defendant be deemed to have surrendered any right under the contract to convey and to rely alone upon the security and protection afforded by the deed?

A similar inquiry was presented to the court in the case of *Clanton* v. *Burgess*, 2 Dev. Eq., 13, upon facts almost identical, when the plaintiff, against whom judgment at law had been recovered for the purchase money of the land, sought to restrain its enforcement under execution. Delivering the opinion, RUF-FIN, J., uses this language: " The case cited at the bar (*Abbot* v. *Allen*, 2 John. Ch. Rep., 519), lays it down that a purchaser, who has received a conveyance and is in possession and not disturbed, will not be relieved on the mere ground of defect of title when there was no fraud nor eviction, but must rely on his

covenants." * * "The contrary would amount to this, that no obligatory contract can be made unless the vendor's title is perfect, and that any defect, secret or notorious, so notorious as to effect the price agreed on, should put it in the vendee's power to rescind after receiving a conveyance with covenants against those defects."

This would be decisive, if accepted as a correct statement of the law, of the defendant's appeal. But the equity to be enforced is to be allowed from payment, while the defects exist, and ceases when they are removed. The defence, to be available, must be in the continuance of an imperfect title or encumbered estate, at the time when the purchase money is sought to be compelled. It was, therefore, necessary for the defendant to aver, as he does in his answer, the encumbrance to be still subsisting, so that the vendor could not then give a clear fee simple title to the property; and this the replication meets with a direct denial, declaring that the judgments were all paid, and their liens discharged early in the year 1878. It then devolved on the defendant to sustain his allegation by proof, and in its absence we must assume the fact to be that there was no such lien when the defense was made, an essential element in the alleged equity.

We again quote from the same opinion upon this point: "It is undoubtedly the law of this court that the vendor may complete his title pending the suit and at any time before the hearing. He is allowed to make good his contract and buy his peace." To the same effect are *Crawley* v. *Timberlake*, 2 Ired. Eq., 460, and *Love* v. *Camp*, 6 Ired. Eq., 209.

For these reasons we sustain the ruling of the court below and affirm the judgment.

No error.                                          Affirmed.