JOS. W. HOBSON et al. v. T. C. BUCHANAN.

*Specific Performance— Vendor and Purchaser—Costs—Appeal.*

1. In an action to compel the vendee to a performance of the contract, it is sufficient if the vendor can show a good title at any time before a final decree, although he did not have the title when the action was brought.

2. A vendee is not entitled to recover costs in an action to force him to perform his contract and pay for the land, if he contest the case and does not make a deposit of the amount due, although the plaintiff cannot make a good title at the time when the action is commenced.

3. *It is intimated,* that the vendee could recover his costs in such case, if he made deposit of the balance due, and accepted the title as soon as the vendor had perfected it.

4. Although an appeal will not lie when the costs only are involved, yet when it calls in question the entire judgment and the costs only as incidental, it will be entertained.

(*Hughes* v. *McNider,* 90 N. C., 248; *Fortune* v. *Watkins,* 94 N. C., 304; *May* v. *Darden,* 83 N. C., 237; *State* v. *Byrd,* 93 N. C., 624; *Morris* v. *Morris,* 94 N. C., 613; cited and approved).

CIVIL ACTION, heard before *Avery, Judge,* upon exceptions to the report of a referee, at Fall Term, 1885, of MITCHELL Superior Court.

On the 28th day of November, 1883, the parties to the suit entered into a contract for the sale by the plaintiffs, and the purchase by the defendant, of a tract of land supposed to contain fifty acres, whereon was a grist mill and saw mill, for the sum of $1,450, whereof $700 was paid at the time, and a note payable on March first, thereafter, given for the residue. The title was, under said agreement, to be retained as a security for the unpaid amount, and when paid, to be conveyed to the vendee.

The note not being met at maturity, the present action was instituted on the 7th day of April, the month following, to recover the money due thereon, and an order for the sale of the land, if necessary therefor.

The plaintiffs allege their ability and readiness to convey the land, and file with their complaint a deed, properly executed in form, to be delivered on payment of the note.

The answer, among other things offered in defence, avers that the plaintiffs have not title, and their deed being inoperative to pass it in fee, is not a compliance with their own stipulations in this behalf.

To inquire into and report upon the plaintiffs' title, at Fall Term, 1884, reference was made to J. S. McElroy, commissioner, who reported, with the testimony and exhibits, the result of his inquiry to be, that while by reason of a tenancy in common with one Nathan Beechfield, held in a larger tract conveyed to them by J. W. Bowman and wife, of which this in dispute forms part, the deed filed could only pass a moiety of the estate, the tenant in common had since conveyed his share to the plaintiffs, and being then seized of the whole estate, they had, by deed made on April 13th, 1885, removed the impediment, and it was sufficient and does pass the title to all the land contained in the contract.

Exceptions were taken by defendant, which by consent were sustained, except the third and fourth, and subject thereto, the report was confirmed, with a judgment for the debt, and the sale of the premises to satisfy it, unless paid by defendant within ninety days thereafter, and for costs.

The case prepared on the appeal states, that the first two exceptions were abandoned, and the last two only relied on. Of these, the one is to the referee's conclusion of law, that the deed of April 13th, 1885, fully satisfies the obligation of the bond ; the other is, that this deed is not in the form of that tendered at the filing of the complaint, and does not convey the same number of acres.

The defendant appealed.

*Mr. W. H. Malone*, for the plaintiffs.
No counsel for the defendant.

SMITH, C. J., (after stating the facts). The material finding, that the last deed is sufficient to convey, and does convey the estate in fee in the land, and embraces all the territory described in the bond, the conditions essential to a recovery of the debt and the maintenance of the action to enforce payment by a sale of the premises, is left undisturbed by the exceptions, and forms no barrier to the relief sought.

It is sufficient that the vendor is able to make title before final judgment, although not when his suit was begun. It is so held in *Hughes* v. *McNider*, 90 N. C., 248; and *Fortune* v. *Watkins*, 94 N. C., 304; and other cases.

The matter involved in the exceptions, as ruled by the Court below, only enters into an inquiry as to the costs. The argument derived from the fact that the plaintiff could not make title when he began his action, would have more force if the defendant had been ready to make payment on condition of getting the estate bargained for ; nor does he make deposit, as does the plaintiff of a sufficient deed, to avoid

any further proceeding in the cause. He opens a warm contest, and persists in it up to the last moment, and fails. Why then should he not be taxed with costs so incurred, as well as those incurred upon the appeal?

It is suggested that an appeal involving costs merely, will not be entertained, but the appeal calls in question the entire judgment, and the costs only as incidental thereto. *May* v. *Darden*, 83 N. C., 237 ; *State* v. *Byrd*, 93 N. C., 624 ; *Morris* v. *Morris*, 94 N. C., 613.

There is no error, and the judgment must be affirmed.

No error. Affirmed.