MAINE NORTHWESTERN DEVELOPMENT CO. v. NORTHERN COMMERCIAL CO.

(District Court, W. D. Washington, N. D. March 25, 1914.)

No. 2117.

1. CONTRACTS (§ 94*)—VALIDITY—FRAUD.

The rule that a party when sued at law on his solemnly executed contract may not defend on the ground of fraud unconnected with its execution is based on the common law that a party to a sealed instrument is bound by its recitals when it is introduced in a court of law, and may not attack it for fraud except when connected with the execution of the instrument in such a way as to render it not the party's deed.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 420–430, 1160, 1164, 1165; Dec. Dig. § 94.*]

2. CONTRACTS (§ 328*)—DEFENSES—FRAUD.

Where fraud relates to the consideration or inducement for the execution of a contract rather than to the execution of the contract itself, the defrauded party's remedy is by suit in equity to set the instrument aside.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1571–1584; Dec. Dig. § 328.*]

3. CONTRACTS (§ 328*)—DEFENSES—FRAUD.

Fraud inducing the execution of a contract which is of such a nature as to render it against public policy or illegal is available as a defense to an action on the contract at law.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1571–1584; Dec. Dig. § 328.*]

4. CORPORATIONS (§ 90*)—STOCK SUBSCRIPTION CONTRACT—DEFENSES—FRAUD.

Where, in a suit on a stock subscription contract, defendant pleaded that the contract was void for fraud in that R., who was president and managing director of plaintiff corporation and who obtained the contract

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for plaintiff was at the same time acting in his own interest, which fraud plaintiff admitted, such facts constituted a valid defense at law.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 245, 383–419; Dec. Dig. § 90.*]

Action by the Maine Northwestern Development Company against the Northern Commercial Company. On motion to strike an affirmative defense. Denied.

William H. Gorham, of Seattle, Wash., for plaintiff.

Bogle, Graves, Merritt & Bogle, of Seattle, Wash., for defendant.

NETERER, District Judge. This is an action upon an assessment levied upon subscribers to the stock of the plaintiff corporation. The plaintiff has moved to strike the following portion of the first affirmative defense of the defendant corporation:

"That at the time of the alleged subscription to the capital stock of said plaintiff, the said John Rosene described in Exhibit A attached to the complaint herein was the promoter and managing director of plaintiff, and was at the same time also president of this defendant. That the said Rosene as such promoter of the plaintiff company, and by virtue of certain contracts and agreements entered into between the promoters of said plaintiff company and the said John Rosene, and entered into between the said Rosene and the said plaintiff company, was personally interested in procuring subscriptions to the preferred stock of the plaintiff company, * * * and was made by him in furtherance of his personal interest in the plaintiff company, and to benefit himself as a promoter and contractor therewith; and at a time when he was its managing director."

Plaintiff contends that the above constitutes an equitable defense and as such cannot be interposed in an action at law. Many authorities are cited by plaintiff to prove that the alleged action of the defendant's president was a · breach of a fiduciary obligation, and thus that it amounts to fraud and cannot be pleaded as a defense in this action.

[1] I cannot understand that the plaintiff seriously contends that fraud is always an equitable defense and may never be pleaded at law. The authorities cited are merely to the effect that a party when sued at law upon his own solemnly executed contract may not defend upon the ground of fraud unconnected with its execution. This holding is based upon the common-law rule that a party to a sealed instrument was bound by its recitals when it was introduced in a court of law, and could attack it for fraud only where such fraud was connected with the execution of the instrument in such a way as to render it not the deed of the party. Hill v. Northern Pac. Ry. Co. (C. C.) 104 Fed. 754; Pacific Mut. Life Ins. Co. v Webb, 157 Fed. 155, 84 C. C. A. 603, 13 Ann. Cas. 752; Levi v. Mathews, 145 Fed. 152, 76 C. C. A. 122; Hill v. Northern Pac. Ry. Co., 113 Fed. 914, 51 C. C. A. 544; George v. Tate, 102 U. S. 564, 26 L. Ed. 232.

[2] The proper procedure, according to these authorities, where the fraud relates merely to the consideration or inducement to contract, is for the party defrauded to apply to a court of equity which might set aside the instrument upon such terms as might be deemed just; whereas, a court of law would be limited to the validity or invalidity of the deed. Hartshorn v. Day, 19 How. 211, 223, 15 L. Ed. 605.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[3] But there is no such magic in the word "fraud" as to rob a court of law of jurisdiction, irrespective of the nature of the fraud charged. Where the fraud is of such a nature as to render the contract against public policy or illegal courts of law have universally refused to enforce it. 9 Cyc. 465; Woodstock Co. v. Extension Co., 129 U. S. 643, 9 Sup. Ct. 402, 32 L. Ed. 819; West v. Camden, 135 U. S. 507, 10 Sup. Ct. 838, 34 L. Ed. 254. To wave aside such a defense on the ground that it was a matter for equitable cognizance alone would be to make a court of law a potent agency in the accomplishment of illegal and unlawful designs.

[4] Plaintiff's counsel occupies the unique position of asking the court to enforce a contract which he zealously contends is fraudulent; and, to bring the defense pleaded by defendant within the meaning of the word fraud, he quotes good law and sound morals, neither of which are beyond the province of this court to recognize and enforce. From Twin-Lick Co. v. Marbury, 91 U. S. 587, 23 L. Ed. 328, he gleans the following:

"That a director of a joint-stock corporation occupies one of those fiduciary relations where his dealings with the subject-matter of his trust or agency, and with the beneficiary or party whose interest is confided to his care, is viewed with jealousy by the courts, and may be set aside on slight grounds, is a doctrine founded on the soundest morality, and which has received the clearest recognition in this court and in others."

He also incorporates in his brief the following from Wardell v. U. P. R. R. Co., 103 U. S. 651, 26 L. Ed. 509:

"It is among the rudiments of the law that the same person cannot act for himself and at the same time, with respect to the same matter, as the agent for another whose interests are conflicting. Thus a person cannot be a purchaser of property and at the same time the agent of the vendor. The two positions impose different obligations, and their union would at once raise a conflict between interest and duty; and, 'constituted as humanity is, in the majority of cases duty would be overborne in the struggle.' Marsh v. Whitmore, 21 Wall. 183 [22 L. Ed. 482]. The law therefore will always condemn the transaction of a party on his own behalf when, in respect to the matter concerned, he is the agent of others, and will release against them whenever their enforcement is seasonably resisted."

Plaintiff cites other authorities to bring such a defense as that here pleaded within the category of fraud. It is therefore unnecessary to discuss the effect of the facts pleaded upon the contract. While some respectable authority might be found to the effect that a contract made by the manager of one corporation with another corporation of which he is also manager is not wholly void and may be enforced where the party seeking its enforcement shows its fairness by clear and convincing proof (Geddes v. Anaconda Copper Mining Co. (D. C.) 197 Fed. 860), yet, where the party upon whom this burden is cast admits the fraud, it will hardly be contended that the contract should be enforced by a court of law or any other court. 2 Thompson on Corporations, § 1242. Of course, such an admission is merely for the purposes of argument on the motion; but, where the relationship pleaded is such as to throw upon the plaintiff as a matter of law the burden of showing absence of fraud, plaintiff's admission of fraud makes the defense which it moves to strike a perfect defense against its right of action.

Of agreements such as that here alleged, which tend to promote a breach of duty of persons who stand to others in a fiduciary relation, 9 Cyc. 474, says:

"While it is often said that such agreements are against public policy, because it is the policy of the law to secure fidelity in the discharge of their duties by all persons holding such positions of trust and confidence, yet it is more accurate to say that such agreements, tending to cause unfaithful conduct by fiduciaries, are illegal, because they are in effect agreements to wrong or defraud the persons whose interest the fiduciaries have in charge."

It would indeed be a harsh system of jurisprudence that would lend any of its courts to the enforcement of contracts in violation of fiduciary relations. While the distinction between law and equity is studiously preserved in our federal system, that distinction does not go to the extent of compelling one court to enforce agreements which the other would abhor. Both are established to promote the well-being of society, and this may not be promoted by encouraging the violation of the most sacred duties known to the law.

It is unnecessary to discuss the other portion of the motion to strike. The motion is denied.