INTERMELA et al. v. PERKINS.

(District Court, W. D. Washington, N. D.   April 20, 1914.)

No. 32.

1. COURTS (§ 342*)—LAW AND EQUITY—DISTINCTION—EQUITABLE DEFENSES.
   The distinction between the systems of law and equity is preserved in the federal courts, and purely equitable defenses may not be interposed in an action at law.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 912, 913; Dec. Dig. § 342.*]

2. JUDGMENT (§ 408*)—ENFORCEMENT—INJUNCTION.
   Equity will enjoin the enforcement of a judgment only when it would be against conscience to enforce it and the particular matter relied on could not have been set up as a defense in the action at law.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 772; Dec. Dig. § 408.*]

3. JUDGMENT (§ 423*)—ENFORCEMENT—INJUNCTION—GROUNDS.
   Where a judgment against a city treasurer for damages for failure to pay a warrant of the city on presentation was affirmed on appeal, the fact that certain defenses were not considered in that case either by the trial or appellate court constituted a mere error of law and did not authorize an injunction to restrain the collection of the judgment.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 797–801; Dec. Dig. § 423.*]

4. JUDGMENT (§ 408*)—ENFORCEMENT—INJUNCTION—GROUNDS—DEFENSES.
   Where judgment at law was recovered against a city treasurer for failure to pay a warrant drawn on a specified fund, when it was presented to him for payment, the fact that payment was properly refused because the city's constitutional debt limit had already been reached, and the warrant was therefore void, and that the same was fraudulently issued by the city council for a debt for which the city was not liable, were available as de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fenses at law, and hence did not constitute ground for restraining the enforcement of the judgment without reference to whether they were in fact pleaded or considered in the action at law.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 772; Dec. Dig. § 408.*]

Suit by Charles L. Intermela and the American Surety Company against David Perkins to enjoin the collection of a judgment at law. On motion to dismiss. Granted.

U. B. Gnagey, of Port Townsend, Wash., and Hastings & Stedman, of Seattle, Wash., for plaintiffs.

Charles E. Shepard, of Seattle, Wash., for defendant.

NETERER, District Judge. This is a suit in equity to enjoin the collection of a judgment at law. Plaintiff Intermela was treasurer of the city of Port Townsend from January, 1909, till January, 1914, and the plaintiff American Surety Company was surety on his official bond. The judgment the collection of which is sought to be enjoined was rendered in an action for damages for the failure of said Intermela as treasurer to pay a warrant of the city of Port Townsend drawn on the "General Indebtedness Fund" of said city when the same was presented for payment December 1, 1910. An appeal was taken to the Circuit Court of Appeals, which affirmed the judgment; and a petition for a writ of certiorari was dismissed by the Supreme Court. Paragraph 5 of the bill alleges:

"That in said action * * * these plaintiffs as defendants therein set up certain legal defenses which they considered sufficient to defeat said action, but both the lower court and the Circuit Court of Appeals held said defenses insufficient and overruled the same."

It is then alleged that the warrant in question was issued fraudulently by the city council in payment of a judgment of the superior court in an action brought by the holder of a warrant on a special improvement district fund; that before the rendition of this judgment the Supreme Court of the State of Washington, in the case of German American Savings Bank v. Spokane, 17 Wash. 315, 49 Pac. 542, 38 L. R. A. 259, decided that under no circumstances should a city be held liable in the state of Washington on a street grade warrant of the kind and character of the one sued on; that the judge who entered the same knew, and the city council was aware, that the city was not liable on such warrants; that an appeal was perfected, but before the record was sent to the Supreme Court the city council at a secret meeting agreed with the judgment creditor to pay the judgment by a warrant drawn on the general indebtedness fund of the city. It is also alleged that at the time of the issuance of the warrant the constitutional debt limit of the city had been reached, and that the warrant was therefore void.

Defendant answers and files his motion to dismiss on the ground, among others, that the judgment referred to in the bill became res judicata as to the parties herein and the issue tendered; that the judg-

ment rendered in said cause perpetually barred all defenses which were or might have been pleaded.

[1] It is contended by the plaintiffs here that they could not avail themselves of the facts alleged in the bill as a defense to the action at law, inasmuch as they constituted defenses cognizable in equity alone. The distinction between the courts of law and equity is preserved in the federal system and purely equitable defenses may not be interposed in an action at law. Hill v. Northern Pac. Ry. Co. (C. C.) 104 Fed. 754; Pacific Mut. Life Ins. Co. v. Webb, 157 Fed. 155, 84 C. C. A. 603, 13 Ann. Cas. 752; Levi v. Mathews, 145 Fed. 153, 76 C. C. A. 122; Hill v. Northern Pac. Ry. Co., 113 Fed. 914, 51 C. C. A. 544; George v. Tate, 102 U. S. 564, 26 L. Ed. 232.

[2, 3] A court of equity will interfere with the execution of a judgment at law only where it would be against conscience to enforce it and where the particular matter relied upon in the bill for an injunction could not have been set up as a defense in the action at law. The fact that the defenses may not have been considered by the trial court or the Circuit Court of Appeals is immaterial. This amounts merely to a contention that the law court erred, and with such contention a court of equity is not concerned. If the defenses might have been considered, if they were such as could have been given effect by a court of law, they were determined by the judgment regardless of whether or not they were interposed by the defendants or considered by the court. 16 Am. & Eng. Encyc. of Law; Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Stockton v. Ford, 18 How. 418, 15 L. Ed. 395; Mitchell v. First Nat. Bank Chicago, 180 U. S. 471, 480, 21 Sup. Ct. 418, 45 L. Ed. 627.

[4] Applying these principles to the case at bar, it is clear that the facts alleged in the bill are not such as to warrant this court in enjoining the execution of the judgment at law. If by reason of the fact that the constitutional debt limit of the city had been reached the warrant was void, no action could be maintained upon it either at law or in equity. A void instrument is a mere nullity giving rise to no rights legal or equitable. The fact that there may have been a breach of trust connected with its issuance cannot vary its effect. It would be paradoxical to say that the instrument was thereby rendered more void, or that it acquired any validity from the fraud.

It is also evident that, if the city council committed a breach of trust in issuing the warrant for an indebtedness for which the city was not legally liable, the fraud could be set up as well in a legal as in an equitable action. In Maine Northwestern Development Co. v. Northern Commercial Co., 213 Fed. 103, filed in this court March 25, 1914, where a motion was made to strike an affirmative defense of fraud, the court said:

"There is no such magic in the word 'fraud' as to rob a court of law of jurisdiction, irrespective of the nature of the fraud charged. Where the fraud is of such a nature as to render the contract against public policy or illegal courts of law have universally refused to enforce it." 9 Cyc. 465; Woodstock Iron Co. v. Extension Co., 129 U. S. 643, 9 Sup. Ct. 402, 32 L. Ed. 819; West v. Camden, 135 U. S. 507, 10 Sup. Ct. 838, 34 L. Ed. 254.

A plea that the enforcement of a particular agreement would tend to encourage public officers in the violation of the trust reposed in them would meet with just as much consideration in a court of law as in a court of equity. Grand Chute v. Winegar, 15 Wall. 373, 21 L. Ed. 174. Such a plea was actually made in the action here in question. It was determined finally by the judgment entered therein. We cannot re-examine the question as to whether the determination on the former trial was right. There must be an end to litigation somewhere. United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; Vance v. Burbank, 101 U. S. 514, 25 L. Ed. 929.

An order may be entered dismissing the action.