[S. F. No. 14448.   In Bank.—February 26, 1932.]

J. E. RUTHERFORD, Petitioner, v. OROVILLE–WYANDOTTE IRRIGATION DISTRICT (a Public Corporation), Respondent.

George F. Jones, Sanborn, Roehl, Smith & Brookman and Douglas Brookman for Petitioner.

Raymond A. Leonard and Chickering & Gregory for Respondent.

Athearn, Chandler & Farmer and Frank R. Devlin, as *Amici Curiae.*

THE COURT.—This is a petition for a writ of mandate, filed by petitioner acting in a representative capacity on behalf of certain consumers of water, to require respondent irrigation district to deliver a certain quantity of water to them at a certain rate. Prior litigation between the parties has resulted in a full statement by this court of the history of the controversy, and, as will hereinafter appear, has determined all of the issues. (See *Henderson* v. *Oroville-Wyandotte Irr. Dist.*, 213 Cal. 514 [2 Pac. (2d) 803].) Summarizing the facts very briefly, the respondent district in 1922 purchased two public utilities, Palermo Land and Water Company and South Feather Land and Water Company. The purchase was made pursuant to permission given by the Railroad Commission, and under conditions specified by the commission and assented to by the respondent district and the consumers served by the utilities. The important conditions were two in number, designed to protect the interest of the consumers whose lands were not included within the boundaries of the district. In substance, these conditions were, first, that each owner should receive one inch of water, continuous flow, for every four acres of land; and second, that the outside users should not be charged more than those whose lands were inside the district. In January, 1928, the directors of respondent district adopted a resolution fixing the rate to inside users at $5 per acre-foot, and to outside users at $7.50 per acre-foot.

Petitioner, an outside user, and a former consumer from the South Feather Land and Water Company, tendered the $5 rate, which tender was refused. He thereupon filed an application in the superior court for declaratory relief, and J. C. Henderson, an outside user and former consumer from Palermo Land and Water Company, filed an application of the same nature. The superior court decided the controversy in favor of the applicants, and on appeal, the two proceedings were consolidated and the judgment was affirmed. (*Henderson* v. *Oroville-Wyandotte Irr. Dist., supra.*) On October 1, 1931, after the decision had become final, respondent district fixed a new rate for inside users at $6 per acre-foot, and for outside users at $10 per acre-foot. Petitioner tendered a sum computed at the $6 rate, which was refused, whereupon he deposited the said sum in a bank in the name of the respondent district. The district declared its intention to refuse to deliver water to outside users except at the higher rate.

The position of the district appears to be that the above-described rights of the former consumers of the utilities are limited to the amount of water previously dedicated by the utilities, and that as to new water developed as a result of the enlargement of its system and kept in storage by the district, those consumers have no such rights. It is the further contention of the district that this question as to the rights in "stored water" was not determined by the prior decision of this court. Neither proposition is tenable. The conditions under which the original purchase was made specified that additional water necessary to make up the required minimum flow should be available to the outside users "from the first water developed" by the district. In the Henderson case, *supra,* the entire controversy concerning the contractual rights of the outside users against the district was involved. No useful purpose would be served by reviewing the arguments which were given extended consideration in that opinion. It is sufficient to say that were they not already decided, we would reach the same conclusion here. However, that decision is conclusive on all of the issues which were raised or which could have been raised therein. The question of rights in stored water was an issue, and was in fact raised therein by respondent district. The point is now *res judicata.* (*Price* v. *Sixth District Agr. Assn.,* 201

Cal. 502 [258 Pac. 387]; *Henderson* v. *Miglietta,* 206 Cal. 125 [273 Pac. 581]; *Intermela* v. *Perkins,* 213 Fed. 106; *Russell* v. *Russell,* 134 Fed. 840.)

It follows that the alternative writ of mandate heretofore issued should be made permanent. Respondent is therefore ordered to deliver to petitioner a receipt in full for water delivered to his land, upon payment of the rate of $6 per acre-foot therefor; and respondent is further ordered to deliver water to petitioner and others similarly situated in the manner and upon the terms set forth in the order of the Railroad Commission as the same is construed in our decision entitled *Henderson* v. *Oroville-Wyandotte Irr. Dist., supra,* that is to say, upon the same terms and charges as are made to consumers within respondent district, and in the quantity set forth in said order.

Rehearing denied.