## HOLLANDER *v.* FECHHEIMER.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 146. Argued March 13, 16, 1896. — Decided April 13, 1896.

The jurisdiction of this court is to be determined by the amount directly involved in the decree appealed from, and not by any contingent demand which may be recovered, or any contingent loss which may be sustained by either party, through the probative effect of the decree, however direct its bearing upon such contingency.

A decree in favor of plaintiff, but remanding the case to the trial court for further proceedings to ascertain the amount of the indebtedness, is not a final decree from which appeal can be taken.

THIS was a bill in equity filed by the firm of Fechheimer, Goodkind & Co., against Justus Hollander, a judgment debtor, Samuel Bieber, his assignee, and a number of preferred creditors under such assignment, alleging that the assignment was fraudulent and void, and praying that Hollander might be required to disclose the amount of his indebtedness to each of his preferred creditors; the amount of goods purchased by him immediately prior to his failure, and the names of the persons from whom purchased; the amount of his indebtedness to each of his creditors before making such purchases; the amount and character of goods he had in stock prior to his last purchases, and sundry other particulars; the amount of property turned over to Bieber under the assignment; and also praying for the appointment of a receiver; the setting aside of the assignment; the payment of the plaintiffs' claim, and an injunction against the defendant Bieber from further proceeding under the assignment.

The bill set forth, as the basis of plaintiffs' right to sue, an indebtedness in the sum of $1000, by judgment recovered in the Supreme Court of the District of Columbia, upon which execution had been issued and returned *nulla bona* — a note for $1000, and goods purchased to the amount of $1846.50.

Demurrers were filed to this bill by Bieber and certain of the preferred creditors, which were sustained, and the bill

dismissed. Upon appeal to the general term the decree of the special term dismissing the bill was reversed, and the case remanded for further proceedings. Answers were subsequently filed by the several defendants, and testimony taken; and upon a hearing upon pleadings and proofs the bill was again dismissed, and an appeal taken to the general term, which again reversed the decree of the special term, declared the assignment to be fraudulent and void, and decreed that the complainants recover from the defendant Bieber the amount of their judgment set out in the bill of complaint, together with their costs, to be taxed by the clerk, and that the case be remanded to the special term for further proceedings. From this decree defendant appealed to this court.

*Mr. Leon Tobriner* for appellants. *Mr. A. S. Worthington* was on his brief.

*Mr. James Francis Smith* and *Mr. Henry E. Davis* for appellees.

Mr. Justice Brown, after stating the case, delivered the opinion of the court.

It is clear that this appeal must be dismissed for the want of jurisdiction. The decree from which the appeal was taken declares the assignment from Hollander to the defendant Bieber to be fraudulent and void as against the complainants, and "that said complainants do have and recover from the said defendant Bieber the amount of their judgment set out in the bill of complaint, together with their costs in this cause, to be taxed by the clerk; and it is further ordered that this cause be remanded to the special term for further proceedings." The amount of the judgment referred to in the decree was $1000, with interest at 7 per cent from February 15, 1886, and costs, and the total amount due thereon at the time the decree was rendered was but $1454.11.

It is true that the bill alleged a further indebtedness upon a note for $1000 and an open account of $1846.50; and it is claimed that at the time the decree was rendered there was

due upon these two items the sum of $3778.16, which, added to the amount due upon the judgment, made the total amount due at the time of the decree $5232.27.

The whole basis of the decree, however, was the judgment for $1000, which was the amount for which the General Term directed a recovery. It is true that it also decreed the assignment to be void and remanded the case for further proceedings, that upon such further proceedings the court might direct an account to be taken and the property to be divided generally among the creditors, and that upon such accounting the plaintiffs might be admitted to prove the full amount of their claim. This amount, however, is not one directly involved in the decree, and the law is well settled that the jurisdiction is to be determined by the amount directly involved in the decree appealed from, and not by any contingent demand which may be recovered, or any contingent loss which may be sustained by either one of the parties through the probative effect of the decree, however direct its bearing upon such contingency. *New England Mortgage Co.* v. *Gay*, 145 U. S. 123. In that case, which was an action in assumpsit upon promissory notes, there had been a finding by a jury that the transaction was usurious. The amount involved in the particular suit was less than $5000, but the effect of the judgment under the laws of Georgia was to invalidate a mortgage given as security upon property worth over $20,000. It was held that, notwithstanding such indirect effect, this court had no jurisdiction, the amount directly in dispute being only the usurious sum. All the prior authorities upon the point are cited in this case.

But again : if the decree appealed from be a final decree at all, it is final only for the amount of the judgment. If it be regarded as a decree for the whole amount of the plaintiffs' claim against Hollander, then it is clearly not a final decree, since the case was remanded for further proceedings, and until those proceedings were had, the amount of such indebtedness could not be fixed in such manner as to give this court jurisdiction of an appeal, and was purely conjectural upon the court finding that amount to be due. *Union Mutual Life Insurance Co.* v. *Kirchoff*, 160 U. S. 374. This conclusion is not the less

irresistible from the fact that the note and open account were reduced to judgment after the bill was filed, since this judgment was not made the basis of the bill, and the finding in the decree is restricted to the amount of the first judgment of $1000.

The appeal must, therefore, be

*Dismissed.*