STEPHENSON v. SUPREME COUNCIL A. L. H.

(Circuit Court, E. D. Pennsylvania. May 18, 1904.)

No. 37.

1. NATURE OF ACTION—LEGAL OR EQUITABLE—AVOIDING SETTLEMENT FOR FRAUD.

Where the beneficiary in a life insurance certificate after the death of the insured was induced by false statements made by representatives of the association to settle her claim and receipt the certificate, her remedy, in a federal court, at least, is in equity, and not at law, where evidence to avoid the settlement and receipt for fraud is not admissible.

At Law. On motion for new trial.
See 127 Fed. 379.

F. Earle Von Leer, for plaintiff.
J. F. B. Atkin, Murdock Kendrick, and Frank P. Prichard, for defendant.

J. B. McPHERSON, District Judge. I am clearly of the opinion that the plaintiff has misconceived her remedy, and should have sued in equity, and not at law. Her husband was a member of the Legion of Honor, and held a certificate calling for the payment out of the benefit fund of "a sum not exceeding $5,000 in accordance with, and under the provisions of, the by-laws governing said fund." In August, 1900, the supreme council passed a by-law reducing the amount payable on such certificates to $2,000, and on October 1st this by-law was put into effect. The plaintiff's husband died in March, 1901, and in September following the plaintiff, who was the beneficiary named in the certificate, met two officials of the Legion, was informed by them that the amount to be paid was only $1,900, and that her

husband had understood about the reduction, accepted the money, signed a receipt upon the certificate for that sum, and delivered the instrument for cancellation. This suit is brought to recover the difference between the amount thus received and the face of the certificate; the ground of recovery being that the by-law has been declared unlawful by the Court of Appeals of this circuit, and that the settlement was invalid, because the plaintiff was deceived by a statement that her husband had agreed to the reduction, while the fact was that he had always paid the assessments at the reduced rate under protest. At the trial the certificate was produced by the defendant under compulsion of a subpœna, and the plaintiff attempted to offer it in evidence against the defendant's objection, which went not only to the paper itself, but to the whole of the evidence that sought to invalidate the receipt. I admitted it provisionally, reserving the further consideration of the objection until the matter could be more fully argued. The argument has now been had, and the result has been, as I have already stated, to satisfy my mind that the plaintiff should have proceeded by bill in equity to attack directly the receipt and the cancellation of the certificate. Even in the courts of Pennsylvania, where equitable defenses are freely permitted in actions at law, the remedy by bill has been decided to be the proper proceeding under such circumstances as are now presented. Blair v. Supreme Council, etc. (a case recently decided, and not yet officially reported) 57 Atl. 564, was almost identical in its facts, and offered the Supreme Court of the state an opportunity to say that, although an action at law might perhaps be sustained, nevertheless such an action would not be an adequate remedy, while a bill in equity would afford complete and appropriate relief. As is well known, the distinction between law and equity is much more carefully preserved in the federal courts, and the power of a court of law to hear evidence of the character offered by the plaintiff has been expressly denied by the Supreme Court of the United States. In George v. Tate, 102 U. S. 570, 26 L. Ed. 232, where, in an action upon a bond, it was set up as a defense that the obligors had been induced to sign the instrument by fraudulent representations concerning a suit in attachment, the court said:

"Proof of fraudulent representations by Myers & Green, beyond the recitals in the bond, to induce its execution by the plaintiff in error, was properly rejected.

"It is well settled that the only fraud permissible to be proved at law in these cases is fraud touching the execution of the instrument, such as misreading, the surreptitious substitution of one paper for another, or obtaining by some other trick or device an instrument which the party did not intend to give. Hartshorn et al. v. Day, 19 How. 211, 15 L. Ed. 605; Osterhout v. Shoemaker and others, 3 Hill, 513; Belden v. Davies, 2 Hall, 433; Franchot v. Leach, 5 Cow. 506. The remedy is by a direct proceeding to avoid the instrument. Irving v. Humphrey, 1 Hopk. 284."

This is a decisive authority upon the question, and requires me to set aside the verdict and grant a new trial. It is unnecessary, therefore, to consider the further question whether the plaintiff can attack the receipt without offering to return the money already paid. In

an action of tort, where it was charged that a settlement had been obtained by fraud, it has been held that an offer to return the money paid must be proved before the settlement can be avoided (Hill v. Railway Co., 113 Fed. 914, 51 C. C. A. 544); but the rule may not apply where the money paid is conceded to be due in any event.

A new trial is granted. The plaintiff may suffer a voluntary non-suit, or discontinue on payment of costs, without prejudice in either case to her right to sue in equity.