## WALLACH *v.* RUDOLPH ET AL., COMMISSIONERS OF THE DISTRICT OF COLUMBIA.[1]

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 148. Argued April 12, 13, 1910.—Decided May 16, 1910.

Jurisdiction to review, when dependent on amount, is determined by the amount directly and not contingently involved in the decree sought to be reviewed.

A writ of error will not lie to review a judgment of the Court of Appeals of the District of Columbia confirming assessments for less than $5,000, even though plaintiff in error may be contingently liable in case the judgment stands for other assessments exceeding $5,000, in the same proceeding on other lots disposed of pending the proceeding.

Writ of error to review 31 App. D. C. 130, dismissed.

THE facts, which involve the validity of certain assessments in the District of Columbia, and the jurisdiction of this court to review judgments of the Court of Appeals of the District of Columbia, are stated in the opinion.

*Mr. Samuel Maddox,* with whom *Mr. H. Prescott Gatley* was on the brief, for plaintiff in error.

*Mr. James Francis Smith,* with whom *Mr. Edward H. Thomas* was on the brief, for defendants in error.

MR. JUSTICE LURTON delivered the opinion of the court.

This case was argued with the case of *Columbia Heights Realty Company* v. *The Commissioners of the District of Columbia,* and the questions presented are substantially the same. The plaintiffs in error were interested as owners of certain lots or parts of lots involved in the gen-

---

[1] Original Docket Title: Rosa Wallach *v.* Henry B. F. Macfarland and others, Commissioners of the District of Columbia.

eral proceeding for the condemnation of property for the extension of Eleventh street, and an assessment for benefits was confirmed as to the property owned by them. They were allowed to prosecute a separate writ of error to the Court of Appeals of the District of Columbia from so much of the award as affected them, where the judgment was affirmed, and from that affirmation this writ of error has been sued out. The aggregate of the amounts which affect these plaintiffs in error and in respect of which they have assigned error is only $2,450.

Jurisdictional limit upon writs of error and appeals to or from the Court of Appeals of the District of Columbia is $5,000, exclusive of interest and costs. See act of February 9, 1893, c. 74, 27 Stat. 434, 436.

To sustain the jurisdiction an affidavit has been filed to show that plaintiffs in error are contingently liable for an amount in excess of $5,000, if this judgment is sustained, by reason of like assessments in the same proceeding upon certain other lots or parts of lots, under other subdivision numbers and standing in the name of different owners, being lots disposed of pending the proceeding under an undertaking to remove the lien of any assessment for benefits which might be made herein. It does not follow as matter of law that such assessments against such other lots to other parties will be determined by this review. But, however this may be, "jurisdiction is to be determined by the amount directly involved in the decree appealed from, and not by any contingent demand which may be recovered, or any contingent loss which may be sustained by either one of the parties through the probative effect of the decree, however direct its bearing upon such contingency." *Hollander* v. *Fechheimer*, 162 U. S. 326, 328.

The motion to dismiss for want of jurisdiction must be granted, and the writ is accordingly

*Dismissed.*