### HOGG v. MAXWELL et al.

(Circuit Court of Appeals, Second Circuit. June 30, 1914.)

No. 254.

COURTS (§ 307*)—UNITED STATES COURTS—JURISDICTION—STIPULATIONS.

A stipulation at the opening of a trial that plaintiff was a "resident" of a state other than that of which defendants were citizens, was insufficient to show jurisdiction in a federal court in a case where the jurisdiction depended upon diverse citizenship.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 850–854; Dec. Dig. § 307.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dallagham, 27 C. C. A. 298.]

Coxe, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of New York. Reversed.

W. G. Cooke, of New York City, for plaintiff in error.

H. W. Simpson, of New York City, for defendants in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. January 28, 1905, differences having arisen between the plaintiff and her late husband, an agreement under seal to live separately was entered into between them and certain trustees, whereby her husband agreed to pay the plaintiff or the trustee for her $5,200 a year in equal quarterly installments as her separate estate during his life and to make effectual provision in his will for continuing the same during her life or until her remarriage. January 31st he did make such a will and died June 5, 1911. February 4, 1913, the plaintiff began this action against the executors of the will to recover damages in the sum of $200,000, alleging that her husband, in consideration of her refraining from bringing an action for separation, promised that he would enter into an agreement with her which would secure her one-third of his income, and, relying on his representation that it was about $15,000 a year, she had entered into the agreement aforesaid, but that upon his death she for the first time learned that his income was, at the time the agreement was executed and down to the time of his death, between $70,000 and $100,000.

The complaint alleges that the plaintiff is a resident and citizen of the state of New Jersey.

The answer denied any knowledge or information sufficient to form a belief as to substantially all the allegations except that the agreement pleaded had been executed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

When the cause came in for trial, the defendant stipulated that Hogg's annual income at the time the agreement was executed was $60,000, and that the residence of the plaintiff was in the state of New Jersey. There was nothing to show the citizenship of the defendants. The plaintiff's counsel in opening the case said that her claim was for the difference between $5,200 and $20,000 during her husband's life and the cost of an annuity of $20,000 for her expectation of life, calculated on the mortality tables at the time of her husband's death.

The defendants' counsel moved to dismiss on the complaint and the opening upon the ground, among others, that the complaint did not state a cause of action and that the damages were incapable of legal ascertainment. Judge Martin granted the motion, principally upon the latter ground.

The case should have been dismissed, for want of jurisdiction because the stipulation that the plaintiff was a resident of New Jersey was quite insufficient. Citizenship of the plaintiff in New Jersey and of the defendants in New York was necessary to give the court jurisdiction. Newcomb v. Burbank, 181 Fed. 334, 104 C. C. A. 164.

Judgment reversed.

COXE, Circuit Judge, dissents.