HOGG v. MAXWELL et al.

(Circuit Court of Appeals, Second Circuit. November 10, 1914.)

No. 35.

1. FRAUD (§ 34*)—ACTION—CONDITION PRECEDENT—NECESSITY OF REFORMATION OF INSTRUMENT.

In the federal courts a party cannot in an action at law be relieved from the effect of a sealed instrument because of fraud, except where the fraud was connected with the actual execution of the instrument, and to be relieved, because of collateral fraudulent representations, must resort to equity; and hence a wife, induced to execute a separation agreement by the husband's false representations as to the amount of his income, could not sue for damages without having the separation agreement reformed or set aside in equity, especially where the agreement contained an express covenant not to sue for anything occurring prior to its execution.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 29; Dec. Dig. § 34.*]

2. ABATEMENT AND REVIVAL (§ 52*)—REFORMATION OF INSTRUMENTS—PARTIES AS TO WHOM INSTRUMENT MAY BE REFORMED.

The death of a husband did not affect the right of a court of equity to reform or set aside a separation agreement, by which he agreed to make certain quarterly payments to the wife during his life, and to make provision in his will for the continuation of such payments during the wife's life or until her remarriage.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 248–254; Dec. Dig. § 52.*]

3. REFORMATION OF INSTRUMENTS (§ 47*)—RELIEF AWARDED—DAMAGES.

Where a court of equity reforms a contract, it may do complete justice between the parties by awarding damages for the breach of the contract as reformed.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 195–198; Dec. Dig. § 47.*]

On rehearing.

WARD, Circuit Judge. We heretofore reversed the judgment in this case in favor of the defendant on the ground that the stipulation made at the trial did not establish jurisdiction because of citizenship of the parties. 215 Fed. 360, 131 C. C. A. 502. Subsequently both sides agreed that it was the intention of the stipulation to state that the plaintiff was a citizen as well as a resident of New Jersey and the defendants citizens of New York, as alleged in the complaint. Accordingly we now proceed to examine the case further and to express the opinion of the majority of the court. The defendants moved to dismiss the complaint upon among other grounds that:

"Fifth. The plaintiff's complaint does not constitute a cause of action at law. Sixth. The plaintiff's complaint does not constitute a cause of action at law for fraud."

[1] The difference between jurisdiction at law and in equity is rigorously maintained in the federal courts. Burnes v. Scott, 117 U. S. 582, 6 Sup. Ct. 865, 29 L. Ed. 991. In those courts no one can be relieved in an action at law of the effect of a sealed instrument because

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of fraud, except where the fraud was connected with the actual execution of the instrument. If the party sought to be bound by the instrument was induced when he executed it to think it was something else than what it was—e. g., that it was a receipt when it was really a release—he may treat it as void and nonexistent. A plea of non est factum would have been good in an action at common law. But to be relieved because of collateral fraudulent representations he must resort to a court of equity. The leading case is Hartshorn v. Day, 19 How. 211, 15 L. Ed. 605, an action at law to recover damages for infringement by the assignee of a patent against persons claiming title under the same assignor. The plaintiff, whose was the later title, sought to avoid the earlier title of the defendants by showing, among other things, that it had been obtained by means of fraudulent representations. Mr. Justice Nelson held that this could not be done in an action at law, saying at page 222 of 19 How. (15 L. Ed. 605):

"Evidence was given on the trial in the court below, for the purpose of proving that the agreement of the 6th of September was procured from Chaffee by the fraudulent representations of Judson, which was objected to, but admitted. The general rule is that, in an action upon a sealed instrument in a court of law, failure of consideration, or fraud in the consideration, for the purpose of avoiding the obligation, is not admissible as between parties and privies to the deed, and, more especially, where there has been a part execution of the contract. The difficulties are in adjusting the rights and equities of the parties in a court of law; and hence in the states where the two systems of jurisprudence prevail, of equity and the common law, a court of law refuses to open the question of fraud in the consideration, or in the transaction out of which the consideration arises, in a suit upon the sealed instrument, but turns the party over to a court of equity, where the instrument can be set aside upon such terms as, under all the circumstances, may be equitable and just between the parties. A court of law can hold no middle course; the question is limited to the validity or invalidity of the deed. Fraud in the execution of the instrument has always been admitted in a court of law, as where it has been misread, or some other fraud or imposition has been practiced upon the party in procuring his signature and seal. The fraud in this aspect goes to the question whether or not the instrument ever had any legal existence. 2 J. R. 177; 12 J. R. 430; [Franchot v. Leach] 5 Cow. (N. Y.) 506; [Stevens v. Judson] 4 Wend. (N. Y.) 471; [Taylor v. King] 6 Munf. (Va.) 358 [8 Am. Dec. 746]; [Wyche v. Macklin] 2 Rand. (Va.) 426; 10 W. & R. 25; 14 W. & R. 208; [Mordecai v. Tankersly] 1 Ala. 100: [Burrows v. Alter] 7 Mo. 424; [Ingersoll v. Long] 20 N. C. 436; C. & H. Notes, part 2, p. 615, note 306 (Ed. Gould & Banks, 1850)."

The same rule was followed in George v. Tate, 102 U. S. 564, 26 L. Ed. 232; Stephensen v. Supreme Council (C. C.) 130 Fed. 491; Levi v. Matthews, 145 Fed. 152, 76 C. C. A. 122; Pacific Ins. Co. v. Webb, 157 Fed. 155, 84 C. C. A. 603, 13 Ann. Cas. 752. Judge Wallace, in this circuit, in a case involving an unsealed instrument, recognized the law to be so in the case of a sealed instrument. Such v. Bank (C. C.) 127 Fed. 450. Citing Hartshorn v. Day, he said:

"If the receipt thus alleged to have been given had been a release under seal, it is plain that upon the authorities which control in this court the complainant would have to resort to the equity side of the court to avoid its effect upon the ground of fraud."

See, also, an interesting review of the cases by Van Fleet, J., in American Sign Co. v. Electro-Lens Signal Co. (D. C.) 211 Fed. 196. The instrument there involved was not under seal, but the difference

between cases arising out of simple contracts and out of specialties was pointed out and approved. This court has on at least two occasions recognized it. De Lamar v. Herdeley, 167 Fed. 530, 93 C. C. A. 239; Drobney v. Lukens, 204 Fed. 11, 122 C. C. A. 325.

The plaintiff seeks to bring herself within such cases as Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501, and Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. Ed. 451. Whatever may be our opinion of the reasonableness of allowing the same defense in an action at law upon a simple contract and refusing it upon a specialty, we cannot suppose that the Supreme Court in these cases intended to reverse by implication their other decisions. In these cases the court held that when the plaintiff was asking for a sum of money only, there being a plain, adequate, and complete remedy at law, there was no jurisdiction in equity. Nothing was said about the distinction between simple contracts and specialties. It is to be noted, however, that there is nothing to show that the instruments against which the plaintiff sought relief in the Buzard Case were not simple contracts. The policy of insurance in the Bailey Case, though under the company's seal, was not a specialty. Originally and technically the way in which corporations execute contracts is under the corporate seal, and the question whether an instrument so executed is a simple contract or a specialty depends upon the character of the instrument. Corporate deeds, mortgages, and bonds are specialties, without the addition of a second seal to the corporate seal; whereas corporate notes, stock, charter parties, bills of lading, and bills of sale remain simple contracts, even if executed under the corporate seal. There is no reason for considering a policy of insurance under the seal of the corporation a specialty.

[2, 3] The death of the plaintiff's husband in no way affects the right of a court of equity to reform or to set aside the contract and if the relief granted were to reform it, the court could go on and do complete justice by awarding damages for the breach. The plaintiff is not asking for a sum of money simply. The separation agreement set forth in her complaint is the evidence of her rights, and as it reads is fatal to her present claim for damages. In addition, she expressly covenanted on the face of it not to bring a suit for anything occurring before its execution. She cannot recover, unless it be set aside or reformed. Therefore she does need equitable relief, which in the federal courts she cannot get in an action at law on a sealed instrument. As the judgment was one dismissing the complaint, the plaintiff can take such further and other proceedings as she may be advised.

The judgment is affirmed without prejudice.