### PLEWS v. BURRAGE et al.

(District Court, D. Massachusetts.    March 28, 1921.)

No. 999.

1. **Pleading** &#9685;&#10142;34(1)—**Allegations in replication construed in connection with letter in answer admitted by replication.**

   A broad allegation in a replication, that plaintiff had not authorized another to bring action as his agent as alleged by the answer, must be limited by construing it with a letter annexed to the answer, which the replication admitted was written by plaintiff, in which the institution of the other suit was discussed, and, so construed, the allegation merely challenges defendant's interpretation of the letter.

2. **Pleading** &#9685;&#10142;217(3)—**On demurrer to replication, plaintiff held required to satisfy court of right to maintain action.**

   In an action at law, the trial of which would be protracted and would occasion great expense, both to the public and to the opposite party, plaintiff, at the hearing on demurrer to his replication, must satisfy the trial court that his right to maintain the action is sufficiently certain to warrant the expense of the trial, or the demurrer will be sustained.

3. **Judgment** &#9685;&#10142;713(2)—**Party who allowed former suit to continue after discovering fraud is barred from subsequent action based on the fraud.**

   A party who permitted an action instituted on his behalf by an agent to continue to final judgment, after the evidence in that action had given him information of fraud not relied on in that action, is precluded by the final judgment therein from thereafter bringing a second action based on the fraud so discovered.

&#9685;&#10142;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by Arthur S. Plews against Albert C. Burrage and others. On demurrer to the replication. Demurrer sustained.

See, also, 260 Fed. 1018.

Whipple, Sears & Ogden and Sherman L. Whipple, all of Boston, Mass., for plaintiff.

Boyd B. Jones, of Boston, Mass., for defendants.

MORTON, District Judge. This is a question of pleading of a somewhat unusual sort. It can best be approached through a statement of the underlying facts of the controversy, as to which there is no dispute.

The plaintiff called the defendant's attention to certain deposits of copper ore in Chili, and the defendant became sufficiently interested to obtain options or contracts controlling the property. He agreed with the plaintiff that the latter should receive for his service in calling the deposits to the defendant's attention 5 per cent. of the stock of any company which might be formed to take them over, or of the defendant's profit from so doing. The form of this agreement is not in dispute; it was put into letters which constitute the contract in suit, the so-called "commission note."

Some months later one Ross secured from the plaintiff an option to buy this commission note for £500. Having got the option, Ross passed it along to Burrage, by whom it was exercised, and the commission note was purchased from Plews for £500. Burrage interested other parties in the ore properties, and a corporation was formed to investigate, explore, and eventually to acquire them, in which Burrage received one-half the capital stock, 5,000 shares. According to the commission note, as construed by the plaintiff, Plews would have been entitled to 5 per cent. of these shares, which became of large value.

In that situation Ross brought a suit in equity against Burrage in the Massachusetts Supreme Judicial Court to enforce the commission note and to secure from Burrage an accounting under it, contending that Burrage had procured the transfer of the note to himself by fraud, and that said transfer was voidable by Ross. In the entitlement of the bill the suit was expressed to be brought by Ross, for the benefit of himself and Plews, as the latter's interest might appear. After full hearing, it was decided in favor of Burrage. The decision determined finally that as between Ross and Burrage the latter was not guilty of actionable fraud in acquiring the commission note and is entitled to the benefit of it.

The present action at law is brought by Plews in his own name and for his own benefit; Ross is not a party to it. It sounds in damages for breach of the contract between Burrage and Plews contained in the commission note. The declaration makes no reference to any assignment or transfer of the note.

The defendant has answered that the plaintiff is not entitled to recover, because the plaintiff sold the commission note to the defendant, whereby it—or the plaintiff's interest in it—has been extinguished, and that the consideration for the commission note, paid to the plaintiff by

the defendant upon the alleged sale of it, has not been returned or tendered by the plaintiff to the defendant. The defendant has also pleaded the suit in the state court above referred to as constituting an adjudication in his favor which bars the present action.

To this answer the plaintiff has filed an elaborate replication (under the act authorizing equitable defenses—Judicial Code, § 274b [Comp. St. § 1251b]) having many of the characteristics of a bill in equity to set aside a conveyance for fraud. It admits the assignment of the commission note from Plews through Ross to Burrage. But it alleges that, in obtaining the option from Plews, Ross acted as an agent for Burrage and defrauded Plews; that Burrage and Plews were joint adventurers under circumstances which imposed upon Burrage the duty of disclosing to Plews material facts concerning the joint adventure; that not only was no such disclosure made, but that Burrage, through Ross, fraudulently concealed from Plews facts which Plews was entitled to know 'in dealing with Burrage; that after Burrage had acquired the option from Ross, and was dealing direct with Plews for the transfer of the commission note, Burrage was guilty of direct fraudulent misrepresentations; and that by reason of such concealment and fraud the transfer of the commission note from Plews to Burrage was voidable at Plew's option, and has been rescinded by him. The replication admits that Plews has never returned the £500 which he received for the commission note, but it offers to return it.

As to the suit in the state court, the replication admits the correctness of the copy of the record therein and of certain letters and other documents annexed to the answer, including a letter from the plaintiff to Ross, dated January 17, 1913, in which the plaintiff says:

"You [Ross] will take at your own expense all such steps as you may deem necessary, either legal or otherwise, to obtain from Mr. Burrage the transfer to you of my 5 per cent. commission on the deal, and against delivery by Mr. Burrage of the commission due to me under the agreement with him, viz.," etc. "You will nominate or cause to be allotted or transfer to me 33⅓ per cent. of said commission as and when received by you," etc.

The replication denies that the plaintiff "bought or took any part in bringing" the suit in the state court, or authorized said suit, or was a party thereto. It alleges that the plaintiff was ignorant of the facts on which his present claim of fraud is based "until the evidence was brought in the hearings before the master and until he received information concerning them from that source." (Clause 16.)

[1] The broad allegations as to not authorizing the suit in the state court, and not being a party to it, are to be construed in connection with the recitals in the last paragraph of clause 13. Withers v. Greene, 9 How. 213, 13 L. Ed. 109. The pleader's intention obviously is not to repudiate the letter of January 17, 1913, but to challenge the defendant's interpretation of it. Various other facts are alleged, bearing upon the question of res judicata.

To this replication the defendant has demurred, and the question is whether the pleadings state a case on which the plaintiff is entitled to recover. The facts on which this question is to be determined consist

(1) of the allegations in the declaration, in connection with (2) such allegations in the answer as are admitted in the replication, and (3) the facts properly alleged in the replication. The pleadings seem to have been drawn with the thought in mind that it might be possible to present through them in advance of a jury trial, and without the expense of one, which would be unusually large, certain basic facts which lie at the threshold of this case. In view of the defective federal practice, under which there is no other way to secure that result, this effort, which might perhaps have gone farther, should receive favorable consideration and co-operation from the court as far as is possible.

Many points have been argued, but those which seem to me the most important are: (1) Whether the plaintiff could bring this action without first having tendered back the consideration which he received from the defendant upon the sale, which he now repudiates, of the commission note; (2) the effect of the decision of the suit in the state court, in connection with the plaintiff's conduct in permitting that suit to go forward for his benefit after the disclosure during the hearings before the master of the facts on which the present charges of fraud are based; and (3) whether the facts set up in the replication to avoid the sale of the commission note can now properly be availed of in an action at law. This question is not, I think, foreclosed by the decision of the Circuit Court of Appeals (Plews v. Burrage, 266 Fed. 347) in the equity proceeding of Burrage v. Plews. The plaintiff's contentions as now made and the issues which they involve go much beyond what was presented by Burrage's bill.

[2] A decision favorable to the defendant's contention on any of these underlying questions would end the plaintiff's case. The first and third are pure matters of law. As to the second, the facts as they stand may, or may not, be sufficient to deal with it as a matter of law. In this situation I think it devolves upon the plaintiff to satisfy the trial court that his right to maintain the action is sufficiently certain to warrant the expense to the public and to the other party of a long jury trial in advance of a final determination of it. This the plaintiff has failed to do; all the questions above stated seem to me close and doubtful. I incline to the opinion that, under the decisions of the United States Supreme Court which have been referred to, the plaintiff was premature in bringing this action before making a complete rescission of the contract whereby he sold the commission note, and returning or offering to return the consideration which he received therefor.

[3] If Plews, during the progress of the hearings before the master in the state court, became aware of the facts on which he now bases his right to set aside his sale of the commission note, and, with such knowledge, kept silent and allowed that suit to go forward in the hope that he might benefit by the decision of it, his conduct, whether it be called ratification or estoppel, was such as must bar him from prosecuting this action. A party cannot be permitted to experiment with the courts in that way, nor to repudiate a choice which he made for his own benefit. See Amos v. U. S. (Feb. 28, 1921) 254 U. S. ——, 41 Sup. Ct. 266, 65 L. Ed. ——. Whether the facts which now stand admitted are

sufficient to bring the case within the principle just stated is not entirely certain. But I incline to think that they do, and that on this ground also the plaintiff is not entitled to maintain the present action.

The scope of section 274b is still uncertain. There is wide divergence of judicial opinion about it. See Keatley v. U. S. Trust Co., 249 Fed. 296, 161 C. C. A. 304; Union Pacific Railroad Co. v. Syas, 246 Fed. 561, 158 C. C. A. 531. It was not passed upon in Manchester Street Railway v. Barrett, 265 Fed. 557 (C. C. A. 1st Cir.), that action having been begun before section 274b was enacted. The question is obviously of much importance, because if the plaintiff's replication is allowable the distinction between law and equity will, in effect, be abolished in a large and important class of cases. There are difficulties, under our practice, in splitting the trial of an action at law, as suggested in the opinion in Union Pacific Railway v. Syas, supra, part being heard by the judge and part tried to a jury, and there are great difficulties in the way of a satisfactory jury trial of the complicated issues presented by this replication, such as res judicata, ratification, or estoppel, fraud by direct misrepresentation, fraud by failure to disclose, fraud by misrepresentations made by the defendant's agent, fraud by silence or failure to disclose on the part of the agent, etc. In matters of this sort the distinction between law and equity rests on solid practical reasons. See Reid v. Shaffer, 249 Fed. 553, 161 C. C. A. 479.

Demurrer sustained.