## PARK & POLLARD CO. v. STUYVESANT INS. CO.

(Circuit Court of Appeals, Second Circuit. December 14, 1921.)

### No. 57.

1. **Insurance ⊙═246—Policy issued by local agent held invalidated by agreement with company that any policy so issued should be returned.**

    Where plaintiff's sole brokers, having exclusive charge of insurance in O., in negotiating with defendant for a line of insurance, agreed that, if defendant's local agent in O. had issued or should issue a renewal of a particular policy, it should be returned as not wanted, a policy issued by the local agent two weeks afterwards on request of plaintiff's local manager was not new and additional insurance, but was invalidated by the agreement.

2. **Trial ⊙═141—Verdict properly directed when proof of defense uncontradicted.**

    Where facts constituting a defense were proved, and there was no evidence the other way, it was proper for the trial judge to direct a verdict.

In Error to the District Court of the United States for the Southern District of New York.

Action by the Park & Pollard Company against the Stuyvesant Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

William Otis Badger, Jr., of New York City (Joseph Thurlow Weed, of New York City, of counsel, and Francis R. Holmes, of New York City, on the brief), for plaintiff in error.

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Prentice & Townsend, of New York City (Robert Kelly Prentice and Myron T. Townsend, both of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. The few and simple facts contained in this bill of exceptions seem to us to present no material point of law. Plaintiff is a corporation of Massachusetts, having its chief offices and officers in Boston; defendant is a New York insurance company.

Plaintiff has a storage warehouse in Oswego, of which in 1918 one Seavey was manager, having charge of "also the office work and insurance work." Defendant had in Oswego an agent, one Wright, who was authorized to issue insurance. In and before July, 1918, defendant had underwritten a policy for $11,000 on plaintiff's Oswego warehouse, expiring July 16, 1918. Under date of July 16th Wright issued a renewal policy, taking effect on the expiration of the policy first above mentioned. It may be assumed (as claimed by plaintiff) that such renewal policy was issued at the request of Seavey. On or about July 20th a fire occurred in said storage warehouse causing a loss covered by said renewal policy, if the same constituted valid and enforceable insurance in plaintiff's hands. This is the policy in suit, and none of the above facts are controverted.

Plaintiff had a desire to obtain insurance in Oswego other and greater than any renewal of the $11,000 policy expiring July 16, 1918, and on or before June 1, 1918, and from the head offices of plaintiff in Boston the firm of Hall & Co. of New York City were appointed sole brokers with exclusive charge of Oswego insurance. Hall thereupon negotiated through an agency representing defendant and other underwriters for a considerable "line" of insurance, including a renewal of the Stuyvesant policy, expiring July 16th, but not in the Stuyvesant itself. The renewal policy was taken out in the Industrial Company. This transaction took place in New York City, and it was at the time noted that the local agent, Wright, might in Oswego have issued or be about to issue such a renewal policy as is here actually in suit, whereupon it was agreed between Hall & Co. representing plaintiffs and defendant company (in substance) that, if Wright had done or should do everything he did, such renewal policy so issued by him should be "returned as not wanted."

As above stated the fire occurred, the policy had been physically delivered by Wright to Seavey, it was not returned, and this suit is the result. The plaintiff declared upon the policy so issued by Wright in usual form; defendant did not deny any of the allegations made, but by way of separate defense and counterclaim it set up the above-recited occurrences between itself and Hall & Co. as representing plaintiff, averring that as a result thereof the policy in suit was null and void, and praying that it be so decreed and plaintiff required to surrender the document for cancellation.

Defendant having thus pleaded, moved for a separate trial of its separate defense and counterclaim, on the ground that it was an equi-

table defense, and therefore, under Judicial Code 274b (Comp. St. § 1251b), such trial should be had as in equity. See Keatley v. United, etc., Co., 249 Fed. 296, 161 C. C. A. 304; Union, etc., Co. v. Syas, 246 Fed. 561, 158 C. C. A. 531; Upson, etc., Co. v. American, etc., Co., (D. C.) 251 Fed. 707; Manchester Ry. v. Barrett (C. C. A.) 265 Fed. 557. This motion was denied, the order of denial reciting the court's holding that—

"The facts alleged in said defense and counterclaim constitute, if established, a complete defense at law to the cause of action set forth in the complaint, and therefore do not constitute an equitable cause of action or counterclaim."

As to the correctness of this ruling we express no opinion because it does not affect the propriety of the result reached when long afterward the case came on for trial at a jury term and judgment was directed for defendant.

[1] The stories of plaintiff and defendant move in different planes; they do not and cannot collide. Plaintiff's contention, most earnestly insisted upon, is that it is not suing upon a renewal policy but upon new and additional insurance; this is thought to follow from the conceded fact that Wright issued the policy in suit at least two weeks after in another city Hall and defendant had made their agreement.

We do not think this fact is of the least importance. Wright was a subordinate, and so was Seavey; by evidence absolutely uncontradicted it was proven that Seavey's employers had agreed that Hall should entirely control Oswego insurance for them, and when Hall made the agreement above recited, which in effect invalidated any policy that Wright might issue on this particular piece of property, anything that Wright did thereafter and did with Seavey was ineffectual as against the agreement of their superiors.

[2] If defendant's story as pleaded had been separately tried as an equitable defense, it should have resulted in a decree that would have required final judgment in the law action in favor of defendant; and when the same set of facts was proven before the jury, there being no evidence the other way, it was proper for the trial judge to direct a verdict as he did.

Judgment affirmed, with costs.