## MASSACHUSETTS PROTECTIVE ASS'N v. KITTLES.

(District Court, S. D. Georgia, E. D. November 15, 1923.)

1. Cancellation of instruments ☞13—Fraud in procuring policy, being available as defense at law, excludes jurisdiction in equity.

Equity *held* without jurisdiction of a suit by an insurance company to recover sick benefits paid under a health policy and for cancellation of the policy for fraud in procuring it; the fraud being available as a defense at law.

2. Courts ☞328(I)—Contingent liabilities cannot be computed to make up amount necessary to give federal court jurisdiction.

Sick benefits, which may or may not become payable in the future under a health policy, cannot be computed to make up the amount necessary to give a federal court jurisdiction.

In Equity. Suit by the Massachusetts Protective Association against William H. Kittles. On motion to dismiss bill. Granted.

Petitioner brought a bill against defendant to have canceled an accident and health insurance policy issued by it to defendant upon the ground that the policy had been obtained by a fraudulent misrepresentation made by the defendant. It was alleged that $1,400 had been paid to defendant up to March 9, 1923, and that he was claiming total disability, which, according to the terms of the policy, required the payment of $50 per week. The bill was filed September 13, 1923. Such payments were to continue indefinitely. Jurisdiction was claimed because of the diversity of citizenship and that the amount involved was more than $3,000, exclusive of interest.

A motion to dismiss was made by defendant upon three grounds: (1) There is no equity in the bill; (2) there is a plain, adequate, and complete remedy at law; (3) the amount involved in dispute is not as much as $3,000.

Lawrence & Abrahams, of Savannah, Ga., for plaintiff.

Hitch, Denmark & Lovett, of Savannah, Ga., and H. S. White, of Sylvania, Ga., for defendant.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BARRETT, District Judge (after stating the facts as above). The motion to dismiss in the above case is sustained on each ground thereof.

[1] The first and second grounds are substantially the same, and are sustained upon the authority of Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; Cable v. United States Life Insurance Co., 191 U. S. 288, 24 Sup. Ct. 74, 48 L. Ed. 188; American Mills Co. v. American Surety Company, 260 U. S. 360, 43 Sup. Ct. 149, 67 L. Ed. 306. The policy sued on is not a specialty, making applicable the decisions of Hartshorn v. Day, 19 How. 211, 15 L. Ed. 605; George v. Tate, 102 U. S. 564, 26 L. Ed. 232; Hogg v. Maxwell, 218 Fed. 356, 134 C. C. A. 164, and other cases to the same effect. See the Bailey Case, supra, Hogg v. Maxwell, supra, and Columbia-Knickerbocker Trust Co. v. Abbot, 247 Fed. 833, 160 C. C. A. 55.

[2] The amount involved is not sufficient to create the jurisdiction in this court. The prayer is for a judgment for $1,400, with interest from certain stated dates, and for the cancellation of the policy and enjoining of further suits. Even if there be tacked to this the claims that, according to the plaintiff's contention, would have matured up to the filing of the suit, still the amount would be less than $3,000, exclusive of interest. New England Mortgage Co. v. Gay, 145 U. S. 123, 130, 12 Sup. Ct. 815, 36 L. Ed. 646; Hollander v. Fechheimer, 162 U. S. 326, 16 Sup. Ct. 795, 40 L. Ed. 985.

The proposition that the plaintiff may continue sick, and may hereafter set up claims for payments under the policy, is not sufficient to create the jurisdictional amount, for it was, at the time the suit was brought, possible that he would not continue sick. Schunk v. Moline, 147 U. S. 500, 13 Sup. Ct. 416, 37 L. Ed. 255, is inapplicable, for in that case there was no question as to the amount owing, but simply, was it due? and there was statutory provision to the effect that the suit could be brought under the alleged circumstances prior to maturity.

The suggestion that one suit at law, with the defense filed as to fraud, would not be conclusive and prevent a multiplicity of suits, because thereafter, when each monthly claim was set up, an issue might arise as to whether the plaintiff was then sick, can have no effect in the determination of the issue here involved, for the question as to whether the plaintiff would be sick at each time the claim was asserted is in no way connected with the alleged fraud in the procuring of the policy.